UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-61866-CIV-COHN/SELTZER

CHARLES L. RUSH,

    Plaintiff,

v.

COUNTY OF BROWARD SHERIFF,
AL LAMBERTI, individually and in his
official capacity,

    Defendant.
_____/

## ORDER DISMISSING COMPLAINT

**THIS CAUSE** is before the Court on Plaintiff Charles L. Rush's *pro se* Complaint [DE 1] ("Complaint") and Application to Proceed Without Prepaying Fees or Costs [DE 3] ("Application"). The Court has considered the Complaint and the Application, and is otherwise advised in the premises.

### I. BACKGROUND

According to the Complaint, Plaintiff opted out of a class action settlement in Case No. 02-23326 (Fla. Cir. Ct. 2002) ("State Court Class Action"). In December 2010, acting *pro se*, Plaintiff filed Case No. 10-46531 (Fla. Cir. Ct. 2010) ("State Court Action") in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida. Regarding his State Court Action, Plaintiff states as follows:

> We had a hearing on June 20, 2011. I was requested to transfer my case to Judge Jeffrey E. Streitfeld. But when I try to get another court hearing to his court, the officers at the docket desk stop me and said no your case is closed. I try to explain the word disposition in legal terms, they wasn't hearing.

Compl. at 2.  In his "Wherefore" paragraph in the instant Complaint, Plaintiff states as follows:

> I am a person that is disable with neck and back and left shoulder is broke for my pain and suffering, lost wages lost a business of lawn service medical bill doctor bill need surgery I am asking for the same as Rodney King Beating in LA, Calif of $1,000,000.  The attorney turn and gave back about 7 million dollars after they got $3,000,000.

Id. at 3.  The Complaint itself contains no other facts regarding Plaintiff's injuries, but Plaintiff attaches various filings from his State Court Action.

## II. LEGAL STANDARD

Because Plaintiff has not paid a filing fee, the Court conducts a screening pursuant to 28 U.S.C. § 1915(e)(2)(B).  Section 1915 reads in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that– . . .
>
> (B) the action or appeal--
>     (i)    is frivolous or malicious;
>     (ii)   fails to state a claim on which relief may be granted; or
>     (iii)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).[1]  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6).").  At this stage of litigation, the allegations of a complaint are taken as true and are construed in the light most

---

[1] "Section 1915(e) applies to all [*in forma pauperis*] litigants [including] prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories."  Mitchell v. Farcass, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997).

favorable to the plaintiff.  Davis v. Monroe Cnty. Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  Notwithstanding, "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007) (quotations omitted).  Also, "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."  Hertz Corp. v. Friend, 130 S. Ct. 1181, 1193 (2010).

*Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  Nevertheless, the Court does not have a "license to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action."  GJR Invs., Inc. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).

### III. ANALYSIS

In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).  In the instant Complaint, Plaintiff does not identify sufficient factual matter demonstrating a claim to relief, nor does he identify any statute or other cause of action entitling him to relief.

Though Plaintiff attaches filings from his State Court Action to the Complaint in

this case, this Court is not the appropriate forum to review a state court decision. To the extent that Plaintiff seeks review of the rulings in his State Court Action or in the State Court Class Action, he should apply for review in the proper state trial court or appellate court.

Additionally, Plaintiff has not demonstrated that this Court has subject matter jurisdiction over his claim. Federal courts are courts of limited jurisdiction. See 13 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3522 (2d ed. 1984 & Supp. 2008). Federal subject matter jurisdiction exists only when a controversy involves a question of federal law or diversity of citizenship between the parties. See 28 U.S.C. §§ 1331-1332. The party seeking to litigate in federal court bears the burden of establishing jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Plaintiff has not met this burden.

## IV.  CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. This Complaint [DE 1] is **DISMISSED without prejudice**;

2. Application to Proceed Without Prepaying Fees or Costs [DE 3] is **DENIED without prejudice**;

3. By no later than **Tuesday, September 6, 2011**, Plaintiff may file an Amended Complaint asserting a claim upon which relief may be granted and demonstrating that this Court has subject matter jurisdiction over that

claim.  **Failure to file an Amended Complaint by the September 6th deadline will result in the closing of this case.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 23rd day of August, 2011.

_____
JAMES I. COHN
United States District Judge

Copies provided to:
Charles L. Rush, *pro se*
3871 NW 7th Place
Fort Lauderdale, FL 33311